1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7   CYNTHIA F. WALSH,

8                         Plaintiff,               NO:  11-CV-3125-TOR

9        v.                                         ORDER GRANTING IN PART AND
                                                    DENYING IN PART DEFENDANT'S
                                                    MOTION TO DISMISS PLAINTIFF'S
10  HEALTH MANAGEMENT                               SECOND AMDENDED COMPLAINT
    ASSOCIATES, INC., a Delaware                    FOR FAILURE TO STATE A CLAIM
11  Corporation, d/b/a YAKIMA HMA,
    INC., d/b/a YAKIMA HMA, LLC,
12  d/b/a YAKIMA REGIONAL
    MEDICAL CENTER,
13
                         Defendant.
14

15        BEFORE THE COURT is Defendant's Motion to Dismiss Plaintiff's

16  Second Amended Complaint for failure to state a claim (ECF. No. 24).  This matter

17  was heard without oral argument on April 23, 2012.  The Court has reviewed the

18  motion, the response, and the reply, and is fully informed.

19  //

20  //


    ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 1

PROCEDURAL HISTORY

Plaintiff, Cynthia Walsh ("Walsh"), filed a First Amended Complaint (ECF No. 7) on June 14, 2011, asserting five causes of action: (1) unlawful discharge from employment due to age, sex and physical limitation in violation of the Washington Law Against Discrimination ("WLAD"); (2) failure to accommodate a physical limitation in violation of the WLAD; (3) unlawful retaliation in violation of the WLAD; (4) failure to provide meal and break periods in violation of Washington's Industrial Welfare Act, RCW Chapter 49.12; and (5) breach of an implied contract of employment.  The Court dismissed the First Amended Complaint on February 3, 2012, for failure to adequately support each cause of action with factual allegations.  ECF No. 22.  The Court did, however, grant Walsh leave to file a second amended complaint within fifteen (15) days.  ECF No. 22.

Walsh filed a Second Amended Complaint on February 14, 2012.  ECF No. 23.  The Second Amended Complaint asserts the same causes of action for unlawful discharge due to age, sex and physical limitation, failure to accommodate a physical limitation, unlawful retaliation under the WLAD, and failure to provide meal and break periods.[1]  It also alleges two new causes of action under

---

[1] The Second Amended Complaint does not reassert Walsh's claim for breach of an implied employment contract.

ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 2

Washington common law for retaliation and wrongful termination in violation of public policy. ECF No. 23.

On February 29, 2012, Defendant Yakima Regional Medical Center ("the Hospital") moved to dismiss Walsh's statutory claims for unlawful discharge, failure to accommodate, unlawful retaliation, and failure to provide meal and break periods for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 24. The Hospital does not challenge the sufficiency of Walsh's common law claims for retaliation and wrongful termination in violation of public policy in this motion. ECF No. 25 at 2.

BACKGROUND

Plaintiff Cynthia Walsh is a former employee of Defendant Yakima Regional Medical Center. From 1992 to September of 2008, Walsh was employed by the Hospital as a respiratory therapist. In this position, Walsh's primary function was to aid patients with breathing during surgery and during rehabilitation in the hospital's intensive care unit.

On May 25, 2008, Walsh was diagnosed with a condition known as Achilles insertional calcific tendonosis in her left foot. Believing that this condition had been caused by her employment as a respiratory therapist, Walsh filed a claim for workers compensation benefits with the Washington Department of Labor and Industries. Because the condition limited her ability to perform the ordinary duties

of a respiratory therapist, Walsh also requested an accommodation from the Hospital.

The Hospital allowed Walsh to perform "light duty" work as an accommodation of her Achilles condition from late May to early September of 2008.  On September 8, 2008, the Hospital discontinued Walsh's "light duty" assignment.  Rather than granting Walsh a further accommodation, the Hospital terminated her employment and placed her on "time loss compensation benefits" managed by the Hospital.  Pl.'s Second Am. Compl., ECF No. 23, at ¶ 2.48.

ANALYSIS

The Court has previously set forth in detail the standards by which a complaint is evaluated on a motion to dismiss for failure to state a claim.  *See* ECF No. 22 at 2-3.  Those same standards apply to the instant motion.  In brief, dismissal of a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is only warranted when the complaint fails to present a "cognizable legal theory" or contains insufficient facts to support potential relief under a cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9t Cir. 1990).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Even when a complaint fails to state a claim for relief, however, "[d]ismissal without leave to amend is improper unless it is clear that the

ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 4

1  complaint could not be saved by an amendment." *Harris v. Amgen*, Inc., 573 F.3d

2  728, 737 (9th Cir. 2009).  The standard for granting leave to amend is generous.

3  The court considers five factors in assessing the propriety of leave to amend—bad

4  faith, undue delay, prejudice to the opposing party, futility of amendment, and

5  whether the plaintiff has previously amended the complaint.  *United States v.*

6  *Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

7  **A. Age and Gender Discrimination**

8  The WLAD protects employees age 40 and over from discrimination on the

9  basis of age.  RCW 49.44.090(1).  "To make out a prima facie case of age

10  discrimination, an employee must show that: (1) she was within the statutorily

11  protected age group; (2) was discharged; (3) was doing satisfactory work; and (4)

12  was replaced by a younger person."  *Balkenbush v. Ortho Biotech Prods.*, L.P., 653

13  F.Supp. 2d 1115, 1122 (E.D. Wash. 2009) (citing *Grimwood v. University of Puget*

14  *Sound, Inc.*, 110 Wash.2d 355, 362, 753 P.2d 517 (1988)).

15  The WLAD also protects employees from discrimination on the basis of

16  gender.  "To establish a prima facie case of gender discrimination, an employee

17  must prove: (1) membership in a protected class; (2) the employee is qualified for

18  the job or performing substantially equal work; (3) an adverse employment

19  decision, including termination or denial of promotion; and (4) selection by the

20  employer of a replacement or promoted person from outside the protected class."

ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 5

*Id.* (citing *Kuest v. Regent Assisted Living, Inc.*, 111 Wash.App. 36, 44, 43 P.3d 23 (2002)).

The Court previously ruled that Walsh's First Amended Complaint failed to state a claim for age and gender discrimination. ECF No. 22 at 5-6. With respect to the age discrimination claim, the Court ruled that Walsh had not sufficiently alleged that she was doing "satisfactory work" as a respiratory therapist at the time of her termination in September of 2008. ECF No. 22 at 5. Similarly, with respect to the gender discrimination claim, the Court ruled that Walsh had not sufficiently alleged that she was "qualified" to work as a respiratory therapist or capable of performing "substantially equal work" when she was terminated, "particularly in view of the work restrictions imposed on her after May 2008." ECF No. 22 at 5. The Court further ruled that Walsh's First Amended Complaint contained nothing more than a "threadbare recital" of the final elements of both claims: that she was replaced by a younger employee and/or was replaced by a male employee. ECF No. 22 at 6. "In sum," the Court ruled, "Plaintiff fails to allege how age and gender factored into her termination." ECF No. 22 at 6.

Walsh's Second Amended Complaint does not remedy the deficiencies identified in the Court's prior order. First, Walsh has still failed to allege that she was doing "satisfactory work" as a respiratory therapist when she was terminated on September 8, 2008. Indeed, Walsh has failed to allege that she performed *any*

ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 6

1    work as a respiratory therapist following the diagnosis of her Achilles condition in

2    May of 2008.  Similarly, Walsh has still failed to allege that she was "qualified" to

3    perform the duties of a respiratory therapist or that she was capable of performing

4    "substantially equal work" when she was terminated.  Once again, Walsh's

5    allegations that she required an accommodation for her Achilles condition (*i.e.*,

6    "light duty" work) indicate that she was neither performing "satisfactory work" as

7    a respiratory therapist nor "qualified" to perform such work (or "substantially

8    equal" work) when she was terminated on September 8, 2008.

9         Moreover, Walsh has still failed to adequately allege how age or gender

10   factored into the Hospital's decision to terminate her.  Although Walsh has

11   supplemented her complaint with three general allegations of age and gender

12   discrimination made "on information and belief" (*see* Pl.'s Second Am. Compl.,

13   ECF No. 23, at ¶¶ 2.45, 2.105, 2.106), these allegations amount to mere

14   speculation and are therefore insufficient to state a claim for relief.  *See Bell*

15   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be

16   enough to raise a right to relief above the speculative level[.]").  At bottom, the

17   only new allegation relevant to Walsh's age and gender discrimination claims is

18   that "HMA replaced Walsh with contracted, lower paid, temporary, male traveling

19   respiratory therapists."  Pl.'s Second Am. Compl., ECF No. 23, at ¶ 2.103.  This

20   too is insufficient to state a claim for age or gender discrimination.  *See Iqbal*, 556

ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 7

1    U.S. at 678.  Walsh's claims for age and gender discrimination are hereby

2    dismissed.

3        **B. Disability Discrimination (Disparate Treatment)**

4        A disabled employee has two causes of action under the WLAD: "[1] for

5    failure to accommodate, when the employer fails to take steps reasonably

6    necessary to accommodate an employee's condition, and [2] for disparate

7    treatment, when the employer discriminates against an employee because of the

8    employee's condition." *Johnson v. Chevron U.S.A., Inc.*, 159 Wash.App. 18, 27-

9    28, 244 P.3d 438, 443 (2010) (internal quotations and citations omitted).  "An

10   employee alleging disability discrimination must establish that he or she (1) is in a

11   protected class (disabled), (2) was discharged, (3) was doing satisfactory work, and

12   (4) was replaced by someone not in the protected class." *Roeber v. Dowty*

13   *Aerospace Yakima*, 116 Wash.App. 127, 135, 64 P.3d 691, 696 (2003).

14   Ultimately, a disabled employee must prove that discriminatory intent was

15   "substantial factor" in the employer's decision to terminate.  *Riehl v. Foodmaker,*

16   *Inc.*, 152 Wash.2d 138, 149, 94 P.3d 930, 936 (2004).  In order to survive a motion

17   to dismiss for failure to state a claim, however, a disabled employee need only

18   allege facts sufficient to establish each element of the prima facie case.  *See id.* at

19   149-50, 94 P.3d 930, 936 (noting that presenting a prima facie case gives rise to a

20   presumption of discriminatory motive sufficient to withstand summary judgment).

1    The Court previously ruled that Walsh's First Amended Complaint failed to

2    sufficiently allege that Walsh was doing satisfactory work and that she was

3    replaced by a non-disabled employee.  ECF No. 22 at 7.  This ruling was based

4    upon Walsh's "threadbare recitals" that she had performed "excellent work," that

5    she was "capable of performing all the essential functions of the job," and that she

6    was "replaced by employees who did not have a disability."  *See* Pl.'s First Am.

7    Compl., ECF No. 7, at ¶¶ 2.17-18, 2.22.  Walsh has subsequently amended her

8    complaint to include the following additional allegations: (1) "Walsh never had

9    anything less than positive evaluations, reviews, and feedback in her sixteen years

10    of employment with HMA;" (2) "Walsh had never had any adverse employment

11    actions taken against her in sixteen years of employment with HMA."[2]  Pl.'s

12    Second Am. Compl., ECF No. 23, at ¶¶ 3.24-25.  These allegations do not

13    specifically support her bare assertion that she "was doing satisfactory work *at the*

14    *time of termination*."  *See* Pl.'s Second Am. Compl., ECF No. 23, at ¶ 3.5

15    (emphasis added).

16

17

18    [2] The Court notes that these allegations are made in support of Walsh's common

19    law retaliation claim and were not incorporated by reference into her disability

20    discrimination claim.

ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 9

1    Moreover, Walsh has failed to supplement her complaint with further

2    allegations concerning replacement by a non-disabled employee.  Like her former

3    allegation that she was "replaced by employees who did not have a disability" (*see*

4    Pl.'s First Am. Compl., ECF No. 7, at ¶ 2.22), Walsh's current allegation that she

5    "was replaced by a younger person, a male and a person without a disability" (see

6    Pl.'s Second Am. Compl., ECF No. 23, at ¶ 3.6) is nothing more than a "threadbare

7    recital" of the last element of her claim.  Accordingly, Walsh has once again

8    pleaded insufficient facts to state a claim for disability discrimination under the

9    WLAD.  This claim is therefore dismissed.

10   **C. Failure to Accommodate**

11   As noted above, a disabled employee may bring a cause of action under the

12   WLAD for either disability discrimination or for failure to accommodate his or her

13   disability.  *Johnson*, 159 Wash.App. at 27-28, 244 P.3d 438, 443.  To establish a

14   prima facie case of failure to accommodate, a plaintiff must show: "(1) the

15   employee had a sensory, mental, or physical abnormality that substantially limited

16   his or her ability to perform the job; (2) *the employee was qualified to perform the*

17   *essential functions of the job in question*; (3) the employee gave the employer

18   notice of the abnormality and its accompanying substantial limitations; and (4)

19   upon notice, the employer failed to affirmatively adopt measures that were

20   available to the employer and medically necessary to accommodate the

abnormality." *Davis v. Microsoft Corp.*, 149 Wash.2d 521, 532 (2003) (emphasis in original) (quotation and citation omitted).

The Court previously indicated that Walsh's failure to accommodate claim suffered from the same deficiency as her age and gender discrimination claims— *i.e.*, a "fail[ure] to factually allege how she remained 'qualified' to perform the 'essential functions' of her job as a respiratory therapist, notwithstanding her alleged disability and the physical restrictions imposed upon her." ECF No. 22 at 7. As discussed above, Walsh's Second Amended Complaint has failed to cure this deficiency. Given that Walsh has neither identified the "essential functions" of her job as a respiratory therapist nor alleged how she remained qualified to perform those essential functions after suffering her alleged disability, she has failed to state a claim for failure to accommodate her *in a respiratory therapist capacity*. *See Davis*, 149 Wash.2d at 535, 70 P.3d 127, 133-34 (granting judgment as a matter of law in favor of employer where employee failed to present any evidence that he remained qualified to perform the essential functions of his existing job after he became disabled). To the extent that Walsh wishes to pursue such a claim, she may have **fifteen (15) days** to amend her complaint a third and final time.

However, Walsh has now stated a claim for failure to accommodate on a separate theory: that the Hospital unreasonably declined to reassign her to a different job. *See Davis*, 149 Wash.2d at 536-38, 70 P.3d 126, 134-35

ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 11

(recognizing independent viability of "accommodation in current job" and "accommodation by reassignment" theories in failure to accommodate case).   In her Second Amended Complaint, Walsh alleges that one reasonable accommodation would have been for the Hospital to assign her to a different position until her Achilles condition had healed.  *See* Pl.'s Second Am. Compl., ECF No. 23, at ¶ 2.18.  Walsh further alleges that, at the time she was terminated, "HMA had many positions available at its Yakima hospital facility."  *See* Pl.'s Second Am. Compl., ECF No. 23, at ¶ 2.38.  Finally, Walsh alleges that she "had worked at the hospital for sixteen years, and worked in medicine for 30 years, and had many qualifications and life experiences that made her a unique and special individual equipped to perform many jobs throughout the Hospital with an accommodation."  *See* Pl.'s Second Am. Compl., ECF No. 23, at ¶ 2.39.  These allegations are sufficient to state a claim for failure to accommodate on an "accommodation by reassignment" theory.  *See Davis*, 149 Wash.2d at 536, 70 P.3d 126, 134.

Finally, the Court notes that Washington law does not appear to require a disabled employee to request a *specific* accommodation in order to prevail on a failure to accommodate claim.  The Hospital's citation to *Pulcino v. Fed. Express Corp.*, 141 Wash.2d 629, 643, 9 P.3d 787 (2000), *overruled in part on other grounds by McClarty v. Totem Elec.*, 157 Wash.2d 214 (2006), for this proposition

1    is unavailing.  Nowhere in *Pulcino* did the Washington Supreme Court state that a

2    plaintiff must make an "initial showing that he or she requested a specific

3    accommodation that was both reasonable and available."  Rather, *Pulcino* merely

4    states that an employee must show "that a specific reasonable accommodation was

5    *available* to the employer at the time the employee's physical limitation became

6    known."  141 Wash.2d at 634, 9 P.3d 787, 795 (emphasis added).

7           While an employee may certainly suggest a specific accommodation, he or

8    she is not required to do so as a matter of law.  *See Davis*, 149 Wash.2d at 536-37,

9    70 P.3d 126, 134 ("The employer must take affirmative steps to assist the

10   employee in the internal job search by determining the extent of the employee's

11   disability, by inviting the employee to receive personal help from the employer's

12   personnel office, and by sharing with the employee all job openings in the

13   company.").  Indeed, limiting the universe of "reasonable accommodations" to

14   those that have been specifically requested by the employee would artificially limit

15   the employer's duty to "reasonably accommodate" the employee.  *See Goodman v.*

16   *Boeing Co.*, 127 Wash.2d 401, 408-09, 899 P.2d 1265, 1269-70 ("Reasonable

17   accommodation thus envisions an exchange between employer and employee

18   where each seeks and shares information to achieve the best match between the

19   employee's capabilities and available positions.").  Accordingly, Walsh's failure to

20

ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 13

1    allege that she specifically requested any particular accommodation other than

2    "light duty" work is immaterial at this stage of the proceedings.

3    **D. Retaliation**

4        RCW 49.60.210(1) provides that, "[i]t is an unfair practice for any employer,

5    employment agency, labor union, or other person to discharge, expel, or otherwise

6    discriminate against any person because he or she has opposed any practices

7    forbidden by this chapter, or because he or she has filed a charge, testified, or

8    assisted in any proceeding under this chapter."  To state a prima facie case for

9    retaliation in violation of RCW 49.60.210, a plaintiff must show that: (1) he or she

10   engaged in protected activity; (2) the employer took adverse employment action;

11   and (3) there is a causal link between the protected activity and the adverse action.

12   *Milligan v. Thompson*, 110 Wash.App. 628, 638, 42 P.3d 418, 424 (2002).

13       As the Court previously noted in its order dismissing Walsh's First

14   Amended Complaint, it is unclear whether filing a claim for workers'

15   compensation benefits and requesting an accommodation for a disability constitute

16   "protected activity" under the WLAD.  ECF No. 22 at 8.  Walsh has not offered

17   any further analysis of this issue.  Nevertheless, Given that Walsh has sufficiently

18   supplemented her complaint with additional allegations of retaliation, the Court is

19   inclined to allow Walsh to pursue her WLAD-based retaliation claims concurrently

20   with her newly-asserted common law retaliation claims.  The Court notes,

ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 14

however, that the ultimate success of Walsh's WLAD-based retaliation claims is

contingent upon her ability to prove, *inter alia*, an underlying violation of the

WLAD itself.  *See Griffith v. Boise Cascade, Inc.*, 111 Wash.App. 436, 444-45, 45

P.3d 589, 594 (2002) (affirming dismissal of wrongful termination in violation of

public policy claim based upon request for reasonable accommodation under the

WLAD where employee was unsuccessful on underlying failure to accommodate

claim).

**E.  Meal and Break Periods**

Walsh has now stated a claim for failure to provide adequate meal and break

periods in violation of WAC 296-126-092.  Specifically, Walsh has alleged that (1)

she "repeatedly requested meal and break periods to [sic] her supervisor, and her

requests were repeatedly denied by HMA;" (2) "she never punched in or out for

meal or break periods;" and (3) evidence of the fact that she did not take meal or

break periods is reflected in her time cards, which are in the Hospital's possession.

Pl.'s Second Am. Compl., ECF No. 23, at ¶¶ 3.34-36; *see also* ¶¶ 2.108-115.

These facts are sufficient, particularly in view Walsh's apparent inability to make

more specific allegations without access to her timecards.

Although the Hospital has raised a legitimate question about whether the

alleged violations occurred within the three-year statute of limitations period, the

Court will reserve ruling on this issue until after Walsh has had an opportunity to

ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 15

examine her timecards.  For the time being, Walsh's allegation that she was denied

meal and break periods "just before [she] suffered her injury in May 2008" is

sufficient to state a claim for a violation within the three-year statute of limitations

period ending on May 17, 2011.  Pl.'s Second Am. Compl., ECF No. 23, at ¶

2.108.

      ACCORDINGLY, IT IS HEREBY ORDERED:

1.  Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's claims

for (1) age discrimination; (2) gender discrimination; and (3) disability

discrimination.

2. Defendant's Motion to Dismiss is **DENIED** as to Plaintiff's claims for

(1) failure to accommodate; (2) WLAD-based retaliation; and (3) denial

of meal and break periods.

3. Plaintiff may file a third and final amended complaint in an effort to

remedy the deficiencies identified herein **within fifteen (15) days** of the

date of this order.

      The District Court Executive is hereby directed to enter this Order and

provide copies to counsel.

      **DATED** this 23rd day of April, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT ~ 16